IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CAROL LUCARELLI, et al | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No.   AW-08-2219 |
| | * | |
| RENAL ADVANTAGE, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*

## MEMORANDUM OPINION

Plaintiffs, Carol Lucarelli, Special Administratrix of the Estate of Roy Maggett, deceased, and Patricia E. Maggett, and Shaquea Maggett, surviving heirs of Roy Maggett, (collectively "Plaintiffs") bring this action against Defendant Renal Advantage, Inc. ("Defendant" or "RAI") for Negligence in connection with death of Roy Maggett.  Currently pending is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. Rules 12(b)(6) and 12(f). The Motion has been fully briefed by the parties and the Court held a hearing on the motion on August 24, 2009.  *See* Local Rule 105.6.  For the reasons stated below and on the record during the hearing, the Court will grant in part and deny in part the Motion to Dismiss.

## Background

On or about May, 2005, Roy Maggett commenced hemodialysis treatments in Silver Hill, Maryland, at a facility operated by Defendant Renal Advantage, Inc. ("RAI") Plaintiffs allege that on August 8, 2005, Roy Maggett died as a result of his hemodialysis treatment received at said facility.  Plaintiffs allege that this is a case where a corporation undertook research, obtained specific results and decided not to change the conditions at the facility where Plaintiffs' decedent

1

received hemodialysis. Plaintiffs' Second Amended Complaint contains (1)ordinary common law negligence allegations, (2)specific corporate negligence allegations, (3) negligent undertaking allegations and (4)reliance upon the doctrine of res ipsa loquitur.  Plaintiffs' contend that the Second Amended Complaint does not allege that a physician committed malpractice, or that the Defendant committed malpractice. They claim that their allegations are specific to research undertaken concerning biofilm, a simple and inexpensive remedy, and the Defendant's failure to implement such remedies, which proximately caused the injuries and damages to the Plaintiffs' decedent.

The Plaintiffs allege that Defendant's predecessor and prior parent corporation undertook research focused on biofilm detection and monitoring in the units at their various facilities to address this biofilm problem. The research began in 2000. Plaintiffs allege that Defendant obtained results from the research that suggested that cleansing and purifying mechanisms used on the hemodialysis machines were insufficient to purge the machines of certain mycrobacteria and other biological contaminants, but Defendant refused to implement the remedial measures identified through this specific research. Thus Plaintiffs base their claims upon an alleged corporate disregard of specific research, and this alleged disregard, Plaintiffs claim, constitute a negligent undertaking of Plaintiffs' decedent's hemodialysis treatment.  In short, Plaintiff alleges that RAI was negligent and reckless in maintaining, developing, sustaining, disinfecting, cleaning, sterilizing, testing, inspecting, examining, investigating and researching the equipment used in the course of a hemodialysis treatment for each individual patient, and thereby proximately causing the death of Roy Maggett.

This case was initially filed in the United States District Court for the District of Nevada, but upon agreement of the parties was transferred to this Court subsequent to the purchase of

RAI by DaVita.

## Choice of Law

The parties agree that because this case was transferred to this Court from the District of Nevada, under 1404(a), "the transferee district court is obligated to apply the state law that would have been applied if there had been no change of venue. *Van Dusen v.* Barrack, 376 U.S. 612, 639 (1964). Thus, the Court must apply Nevada choice of law principles to determine what law governs the dispute. Application of the Nevada choice-of-law rules dictates that Maryland substantive tort law will govern the Plaintiffs' claim here. See General Motors Corp. v. District Court ex rel. County of Clark , 134 P.3d 111, 116 (Nev. 2006) (Nevada follows most-significant-relationship test of Restatement (Second) of Conflict of Laws §§ 6, 145 & 146, and this usually requires a court hearing personal injury action to apply the law of the jurisdiction where the injury occurred). According to the Amended Complaint, Mr. Maggett was injured in Maryland. (Amended Complaint ¶ 3.) As such, Maryland substantive tort law will govern.

## Standard of Review

A court must deny a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (*citing Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)).

It is important to keep in mind that a dismissal under Rule 12(b)(6) is a harsh remedy

which should be "cautiously studied, not only to effectuate the spirit of the liberal rules of pleading, but also to protect the interests of justice." *Duran v. Carris*, 238 F.3e 1268, 1270 (10th Cir. 2001).   Therefore, a complaint may be dismissed as a matter of law only if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory.  *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

## Motion to Strike Allegations in Paragraphs 9 and 11 of the Amended Complaint

At the start of the hearing, the parties informed the Court that Plaintiffs agreed to strike Paragraphs 9 and 11 from their Complaint.   Accordingly, the Court will grant Defendant's Motion to Dismiss with regard to the allegation contained in paragraphs 9 and 11 of the Amended Complaint.

## Motion to Dismiss

Defendant advances the following arguments in support of its Motion to Dismiss.  RAI argues that Plaintiffs allegations that RAI had a duty to conduct or fund either scientific research or product development efforts that might have reduced any risk of dialysis patient exposure to biofilm contaminants are tantamount to claiming that RAI had a duty to go into the business of scientific research and product development as a condition of operating hemodialysis clinics. RAI argues that no such duty exists under Maryland law or any other jurisdiction, even in areas where following the current state of the art technology is known or believed to involve potential side effects or other risks of patient injury from treatment methods.  *See Karibjanian v. Thomas Jefferson University Hospital*, 717 F.Supp. 1081, 1083 (E.D. Pa. 1989).

Second Defendant maintains that, with respect to corporate negligence and negligent undertaking, while some courts have recognized claims for "corporate negligence," by finding

4

that hospitals and clinics have a non-delegable duty of care to hospital or clinic patients in certain respects, no Maryland court has recognized the existence of a claim for "corporate negligence." See, e.g., *Iodice v. United States*, 289 F.3d 270, 277 (4th Cir. 2002).

Third, RAI contends that Plaintiffs Complaint should be dismissed because even if Plaintiffs have stated a claim for negligence under Maryland law, such claims still fall within the medical malpractice claims and must therefore satisfy Maryland's medical malpractice requirements.   RAI argues that Plaintiffs have alleged a "medical injury" as defined by Maryland's Health Care Malpractice Claims Act, and absent a waiver by the parties, Maryland law "requires the submission of malpractice claims against health care providers to an arbitration proceeding <u>as a condition precedent before maintaining a tort action.</u> *Afamefune v. Suburban Hospital, Inc., 385* Md. 677, 684 (2005)(emphasis added).   Because Plaintiffs never filed their claim with the Healthcare Alternative Dispute Resolution Office, and because Plaintiff did not file a Certification of a Qualified Expert as required under Maryland law, RAI contends that Plaintiffs failed to satisfy these conditions precedent and thus the Court is constrained to dismiss the claim.

Plaintiffs respond by stating they are not alleging that the Defendant failed to conduct research, but rather, Defendant's predecessor parent completed research and then disregarded remedial results, and that these actions proximately resulted in a failure to correct biofilm contamination at the facility where Plaintiffs' decedent received hemodialysis.   Plaintiffs maintain that their claims in this regard are rooted in a negligence because they believe that once RAI's predecessor completed the research and found contamination, it had a duty to correct the contamination and prevent patients like Mr. Maggett from being put at risk.

Secondly, with regard to their theories of corporate negligence and negligent undertaking,

Plaintiffs concede that Maryland does not have a developed law concerning corporate negligence, but citing *Swam v. Upper Chesapeake Medical Center, Inc.*, 397 Md. 528, 919 A.2d 33 (Md. App. 2007), they contend that a corporation has been found to bear its own negligence, without "medical injury," outside the Maryland Health Care Malpractice Claims Act , and therefore the Court should allow their claim to proceed.   And with regard to negligent undertaking in particular, Plaintiffs argue that Courts have uniformly held that the *Restatement(Second) of Torts* either § 323 or § 324A, both nonfeasance and misfeasance can supply liability. All that need be shown is that a defendant began and undertook activities, that were negligently performed, and that such negligence proximately resulted in a plaintiff's death or injury. Plaintiff contends that Maryland courts have adopted negligent undertaking as a basis for liability and therefore their claims should go forward.

Finally, with regard to the third and final basis of Defendant's Motion to Dismiss, Plaintiffs argue that at no place in their Amended Complaint do they seek liability against a physician or entity for medical treatment.  Moreover, they claim that this issue raised by RAI has been decided against it numerous times by other U.S. District Court in companion cases transferred from Nevada, and this Court should find the same.

The Court finds that Plaintiffs allegations while broad and not categorized into individualized claims and counts, it is clear that there are creative theories averred in an attempt to set forth a cognizable claim.  The Court believes that it should not be precipitous to dismiss claims even where admittedly these theories have not yet been clearly developed, articulated or embraced by Maryland state courts as part and parcel of well-established claims.  Thus, the Court finds that Plaintiffs' claims have been sufficiently plead and satisfy Rule 8(a)(1).

Moreover, the Court believes that the parties should have the opportunity to pursue

discovery in order to flesh out the nature and extent of the operative facts underlying Plaintiffs' claims.   Discovery may well aid in deciphering the extent to which the alleged failures here constitute corporate negligence, negligent undertaking or perhaps even a kind of medical malpractice within the meaning of Maryland's Health Care Malpractice Claims Act.   Because of the nature of Plaintiffs' claims, the possible novel application of the facts, and in light of how other jurisdictions are proceeding in companion cases, the Court finds that it is premature and even unwise to grant the harsh remedy of a motion to dismiss.   Therefore, the Court will deny Defendant's motion to dismiss the Complaint for failure to State a Claim, failure to Exhaust Arbitration remedies and failure to file a Certificate of Qualified Expert.

An Order consistent with this Opinion will follow.


       August 25, 2009                                    /s/                        
            Date                                  Alexander Williams, Jr.
                                                  United States District Judge